

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,265

### EX PARTE STANLEY WAYNE KIRKPATRICK, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2004-474-C2 IN THE 54TH DISTRICT COURT
### FROM MCLENNAN COUNTY

PRICE, J., filed a concurring opinion in which JOHNSON, KEASLER, and COCHRAN, JJ., joined.

## C O N C U R R I N G   O P I N I O N

In this application for a writ of habeas corpus, the Applicant originally requested relief on July 6, 2009, based on ineffective assistance of counsel. Because the trial judge was not fully responsive to this Court's order on our first remand, we subsequently remanded the application a second time in late November, only two months before the Applicant's sentence was scheduled to discharge. After receiving the response to our second remand order, in which the convicting court found that the Applicant had not been appointed appellate counsel until months after the deadline for filing a timely notice of appeal and found that the

Applicant could be entitled to an out-of-time appeal, we now grant the Applicant an out-of-time appeal.

As clearly seen in this case, unnecessarily remanding writ applications has the potential to both hamstring applicants and waste judicial resources. Presumably, had the trial judge appointed appellate counsel in a timely manner or answered our first remand order adequately, the Applicant would not have been potentially prejudiced by being discharged before any relief could be granted.[1] Moreover, much of the time spent reviewing the application multiple times could have been used in other judicial pursuits. I agree with the disposition of this application. I write only to add that, in the future, I would advise convicting courts to act promptly in discharging their duties with respect to habeas applicants and to respond appropriately to orders issued by this Court.

Delivered: December 16, 2009
Do Not Publish

---

[1] If an applicant's sentence has discharged, this Court will dismiss his application. He would then have to file a second application, wherein he would be required to identify collateral consequences. TEX. CODE CRIM. PROC. art. 11.07 § 3(c).